**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Randy L. Stayer, | : | Case No. 3:09 CV 2131 |
| Petitioner, | : | |
| vs. | : | |
| Jesse Williams, Warden, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

Pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation. Pending are the Petition for Writ of Habeas Corpus pursuant to 28 U. S. C. § 2254, Respondent's Return of Writ, Petitioner's Traverse to Return of Writ and Respondent's Reply to Petitioner's Traverse (Docket Nos. 1, 9, 10 & 11). For the reasons that follow, the Magistrate recommends that the Petition for Writ of Habeas Corpus be denied.

**PROCEDURAL BACKGROUND**

On April 14, 2004, a Defiance County Grand Jury returned a six-count indictment against Petitioner, charging him with the following:

 (1) Three counts of illegally manufacturing drugs (methamphetamine), a violation OHIO REV. CODE § 2925.04(A) and a second degree felony.

    (2)    One count of engaging in a pattern of corrupt activity, a violation of OHIO REV. CODE § 2923.32(A)(1) and a second degree felony.
    (3)    One count of aggravated possession of drugs, a violation of OHIO REV. CODE § 2925.11(A)(C)(1)(a) and a fifth degree felony.
    (4)    One count of aggravated trafficking in drugs, a violation of OHIO REV. CODE § 2925.03(A)(2)(C)(1)(d) and a second degree felony.

*State v. Stayer,* 2005 WL 2335062, *1 (2005) (unreported).

Petitioner was subsequently arraigned and entered a plea of "not guilty" as to each count. *Id.* On August 10, 2004, Petitioner withdrew his former plea of not guilty and entered into a plea agreement. *Id.* Under the plea agreement, Petitioner pleaded guilty to all counts except the charge of aggravated trafficking in drugs which was dismissed by the prosecution. *Id.* The plea agreement further provided for a combination of mandatory minimum and basic sentences that were to be served consecutively. *Id.* On August 25, 2004, Petitioner was sentenced, in accordance with the plea agreement, as follows:

    (1)    For the offense of illegal manufacture of drugs, as charged in Counts One, Two and Three of the Indictment, Petitioner was sentenced to a mandatory two years of imprisonment.
    (2)    For the offense of engaging in a pattern of corrupt activity, as charged in Count Four of the Indictment, Petitioner was sentenced to a term of three years imprisonment.
    (3)    For the offense of aggravated possession of drugs, as charged in Count Five of the Indictment, eleven months of imprisonment.
    (4)    The sentences imposed in paragraphs one, two and three are to be served consecutively to each other for a total cumulative term of imprisonment of nine years and eleven months.

(Docket No. 9, Attachment 2, pp. 23-24 of 204).

On November 12, 2004, Petitioner, *pro se*, filed a motion for sentence modification in the Court of Common Pleas of Defiance County, Ohio (Docket No. 9, Attachment 2, pp. 13-18 of 204). The motion was denied on January 4, 2005 (Docket No. 9, Attachment 2, p. 19 of 204).

On March 29, 2005, Petitioner filed a motion for delayed appeal contemporaneously with

a notice of appeal from the trial court's judgment rendered on January 5, 2005 (Docket No. 9, Attachment 2, pp. 20-21, 22 of 204). Leave of court was granted to file an appeal (Docket No. 9, Attachment 2, p. 27 of 204). In the brief, Petitioner asserted a single assignment of error:

The trial court erred in sentencing Petitioner to the maximum time of incarceration.

(Docket No. 9, Attachment 2, p. 29 of 204).

On September 26, 2005, the appellate court found that Petitioner's sole assignment of error was sustained for the reason that the trial court did not make all of the required findings necessary to impose a consecutive sentence. The judgment was reversed and the cause was remanded to the trial court for further proceedings (Docket No. 9, Attachment 2, pp. 68-74 of 204).

A re-sentencing hearing in the court of common pleas, as remanded from the court of appeals, was scheduled for November 29, 2005. By order entered on December 2, 2005, Judge Joseph N. Schmenk, considering Petitioner's prior criminal record, factors of mitigation, the statutory sentencing factors present in OHIO REV. CODE § 2929.12 and additional findings pursuant to OHIO REV. CODE § 2929.14(E)(4), imposed the following sentences:

(1) For the offense of illegal manufacture of drugs, as charged in Counts One, Two and Three of the Indictment, Petitioner was sentenced to a mandatory two years of imprisonment.
(2) For the offense of engaging in a pattern of corrupt activity, as charged in Count Four of the Indictment, Petitioner was sentenced to a term of three years imprisonment.
(3) For the offense of aggravated possession of drugs, as charged in Count Five of the Indictment, eleven months of imprisonment.
(4) The sentences imposed in paragraphs one, two and three are to be served **consecutively** to each other for a total cumulative term of imprisonment of nine years and eleven months, of which six years are designated as mandatory.

(Docket No. 9, Attachment 2, pp. 76-78 of 204).

On January 3, 2006, Petitioner filed a notice of appeal from the final judgment entered on December 2, 2005 (Docket No. 9, Attachment 2, p. 79 of 204). In the brief filed on March 8, 2006,

Petitioner asserted one assignment of error:

> The trial court erred in sentencing Petitioner to the maximum time of incarceration.

(Docket No. 9, Attachment 2, p. 85 of 204).

The Court of Appeals vacated the sentence and remanded the case to the trial court on June 5, 2006 (Docket No. 9, Attachment 3, p. 1 of 139). On September 6, 2006, the trial court re-sentenced Petitioner pursuant to principles established in *State v. Foster*, 109 Ohio St. 3d 1, 845 N. E. 2d 470 (2006), affirmed its prior sentences and considered the statutory factors of OHIO REV. CODE § 2929.12 (Docket No. 9, Attachment 3, pp. 10-13 of 139). On December 6, 2006, Petitioner filed a brief in the court of appeals asserting one assignment of error:

> The State of Ohio's evidence was legally insufficient to support the verdict [sic] of the trial court.

(Docket No. 9, Attachment 3, p. 15 of 139).

The judgment was affirmed in the court of appeals on July 16, 2007 (Docket No. 9, Attachment 4, p. 1 of 168). Petitioner filed a notice of appeal in the Ohio Supreme Court on August 30, 2007 (Docket No. 9, Attachment 4, pp. 6-7 of 168). In the memorandum in support of jurisdiction, Petitioner asserted one proposition of law:

> "When evidence is legally insufficient to support a trial court's sentencing a criminal defendant and the appellate court affirms that sentence, has a defendant's due process rights been violated?"

(Docket No. 9, Attachment 4, p. 9 of 168).

Upon consideration of the jurisdictional memoranda, Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question on December 26, 2007 (Docket No. 9, Attachment 4, p. 26 of 168).

Petitioner filed an application under OHIO RULES APP. P. 26 for reopening on October 15,

4

2007 in the Third District Court of Appeals.  He argued that appellate counsel failed to raise the following assignments of error:

> (1). The trial court erred in ordering him to pay a fine without consideration of his present and future ability to pay as required by OHIO REV. CODE § 2929.19(B)(b).
> (2). Petitioner was deprived of the right to due process under the Fourteenth Amendment when the trial court imposed a harsher sentence upon remand.
> (3). The trial court erred when it imposed multiple sentences considering that Petitioner's offenses constituted allied offenses of similar import in violation of OHIO REV. CODE § 2941.25 and the United States Constitution.
> (4). Petitioner was deprived of the effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution.

(Docket No. 9, Attachment 4, pp. 27-36 of 168).

The application was denied on April 16, 2008 (Docket No. 9, Attachment 4, pp. 104-106 of 168).  On June 2, 2008, Petitioner filed a notice of appeal in the Ohio Supreme Court (Docket No. 9, Attachment 4, p. 107 of 168).  In the memorandum in support of jurisdiction, Petitioner asserted five propositions of law:

> (1) A defendant is deprived of his right to due process under the Fourteenth Amendment when the trial court imposes a harsher sentence upon remand.
> (2) It is error for the trial court to impose a fine without considering the defendant's present and future ability to pay.
> (3) A trial court violates the Double Jeopardy Clause when it imposes multiple prison terms for offenses that were not committed separately or with a separate animus.
> (4) A defendant is deprived of effective assistance of trial counsel when trial counsel failed to object to the imposition of fines without inquiry into defendant's ability to pay.
> (5) An appellate attorney rendered ineffective assistance of counsel by failing to assert these claims on direct appeal:
>> (a) The trial court erred in ordering him to pay a fine without consideration of his present and future ability to pay,
>> (b) Petitioner was deprived of the right to due process under the Fourteenth Amendment when the trial court imposed a harsher sentence upon remand.
>> (c) The trial court erred when it imposed multiple sentences considering that Petitioner's offenses constituted allied offenses of similar import.
>> (d) Petitioner was deprived of the effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution.

(Docket No. 9, Attachment 4, pp. 110-124 of 168).

On September 10, 2008, Chief Justice Moyer dismissed the appeal as not having any substantial constitutional question (Docket No. 9, Attachment 4, p. 130 of 168).

Petitioner filed a "motion for judicial review" in the court of common pleas on October 9, 2009 (Docket No. 9, Attachment 4, pp. 158-160 of 168)

On September 14, 2009, Petitioner filed a Writ of Habeas Corpus in this Court alleging the following grounds for relief:

(1) A defendant is deprived of his right to due process under the Fourteenth Amendment of the United States Constitution when the trial court imposed a harsher sentence on remand.
(2) It is error to impose a fine without considering the defendant's ability to pay.
(3) A trial court violates the Double Jeopardy Clause when it imposes multiple prison terms for offenses that were not committed separately or with a separate animus.
(4) A defendant is deprived of effective assistance of trial counsel when trial counsel failed to object to the imposition of fines without inquiry into defendant's ability to pay.
(5) When an appellate attorney fails to raise meritorious issues in a criminal defendant's direct appeal of a conviction, the attorney renders constitutionally ineffective assistance, in contravention of the Sixth and Fourteenth Amendments to the United States Constitution.

(Docket No. 1).

## II. JURISDICTIONAL REVIEW.

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Adames v. Wilson,* 2009 WL 1067297, 3 (N. D. Ohio 2009). Under AEDPA, a federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Id.* (*citing Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)). The "in custody" requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy

for severe restraints on individual liberty. *Id*. (*citing Hensley v. Municipal Court*, 93 S. Ct. 1571, 1574-1575 (1973)).

In the instant case, Petitioner is in the custody of the Allen Correctional Institution in Lima, Ohio. The restraint on his liberty is a collateral consequence of his conviction sufficient to satisfy the "in custody" prerequisite to habeas corpus review. Petitioner is seeking relief from his conviction under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The Magistrate finds Petitioner has met the prerequisites and that this Court has jurisdiction to address the merits of Petitioner's Writ of Habeas Corpus.

### III. HABEAS CORPUS STANDARD OF REVIEW.

Under the AEDPA, a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," *Thompson v. Bell,* 580 F.3d 423, 433(6th Cir. 2009) (*citing* 28 U.S.C. § 2254(d)(1), or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." *Id.* at 433-434 (*citing* 28 U. S. C. § 2254(d)(2)). A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court decision unreasonable "simply because that court concludes in its independent judgment that the relevant state-court

7

decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 1207 S. Ct. at 1522). Rather, the state court decision must be an "objectively unreasonable" application of federal law to be reversed. *Id.* (*citing Williams*, 120 S. Ct. at 1521).

### IV. ANALYSIS OF PETITIONER'S FIRST, SECOND AND THIRD CLAIMS.

In his motion for reconsideration filed in the appellate court, Petitioner asserted the claims that his right to Fourteenth Amendment protection was violated when the trial court imposed (1) a harsher sentence upon remand, (2) a fine without assessing his ability to pay, and (3) imposed multiple sentences for those offenses that were not committed separately or with a separate animus.

In the memorandum in support of jurisdiction filed in the Supreme Court of Ohio, Petitioner presented these claims as a bases for finding that appellate counsel's representation fell below prevailing standards.

In the Petition for Writ of Habeas Corpus, these claims are severally presented as bases for habeas relief. The Magistrate does not conduct a review of these claims independent of the ineffective assistance of counsel claims as these claims are procedurally defaulted.

**1.     PROCEDURAL DEFAULT STANDARD.**

Failure to present a constitutional claim to the state court is a circumstance that typically precludes federal habeas review. *Cvijetinovic v. Eberlin*, 617 F.3d 833, 836 (6th Cir. 2010) (*see Rust v. Zent*, 17 F. 3d 155, 160 (6th Cir. 1994) ("If a habeas corpus petitioner is barred from presenting one or more of his claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review . . . ")). However, "[w]hen a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto . . . ' " *Id.* at 836-837 (*citing Burroughs v.*

*Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) (*quoting Murray v. Carrier*, 106 S. Ct. 2639, 2643 (1986)); *see also Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009) ("A defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it.")).

  **A.**   **THE *MAUPIN* TEST**.

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts will presume that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Hamilton v. Gansheimer*, 536 F. Supp.2d 825, 840 (N. D. Ohio 2008) (*citing Coleman v. Thompson*, 111 S. Ct. 2546, 2557 (1991)). Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Id*. (*citing Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)). Under the *Maupin* test, a reviewing court must decide: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and (4) if the above is met, whether the petitioner has demonstrated "cause" and "prejudice." *Id*. (*citing Maupin*, 785 F.2d at 138). As set forth in the last factor of the *Maupin* test, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Id*. (*citing Coleman*, 111 S. Ct. at 2565). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Id*. (*citing Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 109 S. Ct. 2070 (1989)). If a petitioner fails to show cause for his procedural default, the

9

reviewing court need not address the issue of prejudice. *Id*. (*citing Smith v. Murray*, 106 S. Ct. 2661 (1986)).

### B. THE *MAUPIN* TEST APPLIED TO PETITIONER'S COUNTS ONE, TWO AND THREE.

In invoking the *Maupin* test as it applies to Petitioner's first, second and third claims, the first three prongs for procedural default are met and the case is procedurally defaulted. It is well established under Ohio law that under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was not raised or could have been raised by the defendant at the trial that resulted in that conviction, or an appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

Petitioner failed to fairly present his first, second and third claims to the court of appeals. The first factor of the *Maupin* test is satisfied.

The Sixth Circuit Court determined in *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008), that Ohio's application of *res judicata* rules in an actually enforced, adequate and independent state ground upon which the Ohio state courts consistently refuse to review the merits of a defendant's claims.

Clearly there is a state rule in place that Petitioner failed to follow. The state court would actually deny consideration of any attempt by Petitioner to present his first, second and third claims as a direct appeal is untimely. The procedural rule which the Ohio state courts use to deny review of claims that were not raised on direct appeal is an adequate and independent state ground to preclude habeas review. Petitioner has met the second and third factors of the *Maupin* paradigm.

### 2. THE CONCLUSION.

Petitioner's first, second and third claims are procedurally defaulted. The Magistrate recommends that the Court dismiss such claims.

### V. ANALYSIS OF PETITIONER'S FOURTH AND FIFTH CLAIMS.

Petitioner's fourth and fifth claims–he was deprived of effective assistance of trial and appellate counsel–were presented to the court of appeals and the Supreme Court of Ohio. Each claim is addressed on its merit.

**1.   INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD OF REVIEW.**

In *Strickland v. Washington*, the United States Supreme Court explained that the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Dempsey v. Bobby,* 412 F.Supp.2d 720, 730 (N. D. Ohio 2005) (*citing Strickland*, 104 S. Ct. 2052, 2063 (1984)). In establishing ineffective assistance of counsel, the defendant must show that his counsel's performance was deficient and prejudicial such that the errors he committed "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. (*citing Strickland*, 104 S. Ct. at 2064). To demonstrate that counsel's performance was deficient, the defendant must show that "counsel's representation fell below an objective standard of reasonableness . . . [under] prevailing professional norms." *Id*. (*citing Strickland*, 104 S. Ct. at 2064). In assessing the counsel's performance, courts must consider the specific acts or omissions of counsel and determine whether they were "outside the wide range of professionally competent assistance." *Id*. (*citing Strickland*, 104 S. Ct. at 2065). To establish "prejudice" under *Strickland,* the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (*citing Strickland*, 104 S. Ct. at 2068).

    **A**     **FAILURE TO OBJECT TO IMPOSITION OF A FINE**.

In a trial of any size, numerous potentially, objectionable events occur. *Lundgren v. Mitchell,* 440 F.3d 754, 774 (6th Cir. 2006). "The Constitution does not insure that counsel will recognize and raise every conceivable constitutional claim." *Id.* (*citing Engle v. Isaac*, 102 S. Ct. 1558, 1575 (1982)). Experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment. *Id.* Learned counsel therefore use objections in a tactical manner. *Id.* In light of this, any single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial to a client that failure to object essentially defaults the case to the state. *Id.* Otherwise, defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice. *Id.* at 774-775 (*See Hodge v. Hurley*, 426 F.3d 368, 376 (6th Cir.2005) ("[C]ounsel's failure to object to any of the numerous improper statements in the prosecution's closing argument is well outside [professional norms].") (emphasis in original)).

Petitioner claims that trial counsel was ineffective for failing to object to the imposition of fines without the inquiry into Petitioner's ability to pay. In Ohio, a guilty plea to the illegal manufacture of drugs, a felony of the second degree, carries a **mandatory** fine that is not defined by a defendant's inability to pay the fine. OHIO REV. CODE § 2925.04 (D)(1) (Thomson Reuters 2011). Petitioner fails to show that trial counsel's failure to object to the unobjectionable ventured outside the wide range of professionally competent assistance.

    **B.**     **FAILURE TO OBJECT TO THE IMPOSITION OF A HARSHER SENTENCE ON REMAND**.

Petitioner contends that because the trial judge considered the additional factors under OHIO REV. CODE § 2929.14, he was given a harsher sentence.

Federal habeas relief is not available for errors of state law as "it is not the province of a federal habeas court to re-examine state court determinations on state law questions." *Smith v. Ohio, Department of Rehabilitation and Correction*, 331 F. Supp.2d 605, 622 (N. D. Ohio 2004) (*citing Estelle v. McGuire*, 112 S. Ct. 475, 479 (1991)).  Accordingly, alleged errors involving a state court's interpretation of its own procedural rules are not cognizable in federal habeas corpus review. *Id.* (*citing Simpson v. Jones*, 238 F.3d 399, 406–407 (6th Cir. 2000)).

Whether the state court judge arrived at a different decision after complying with the state procedural requirements is not a matter for this Court to decide on a petition for habeas corpus relief. This Court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.  To the extent that Petitioner alleges his counsel should have asserted a violation of state law that was determined against him by the state court, the merits of such claims are not cognizable in this habeas proceeding.

### C. FAILURE TO OBJECT TO SERVING MULTIPLE CONSECUTIVE SENTENCES.

Petitioner contends that trial counsel erred in failing to object to the imposition of multiple punishments for allied offenses.  He claims that he has been placed twice in jeopardy in violation of the Supreme Court precedent established in *Blockburger v. United States,* 52 S. Ct. 180 (1932).

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  This clause has been interpreted to protect criminal defendants from successive prosecutions for the same offense as well as from multiple punishments for the same offense. *Brown v. Ohio*, 97 S. Ct. 2221, 2225 (1977). The traditional test for double jeopardy claims is the same elements test set forth in *Blockburger*, *supra*.  In the

13

*Blockburger* case, the critical question was whether the same act or transaction constituted a violation of two distinct statutory provisions or the same offense. *Blockburger*, 52 S. Ct. at 182. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both. *Id.*

The elements of manufacturing drugs and engaging in a pattern of corrupt activity are not allied offenses of similar import. To engage in illegal manufacturing requires that one knowingly manufacture or otherwise engage in any part of a controlled substance. OHIO REV. CODE § 2925.04(A) (Thomson Reuters 2011). To engage in a pattern of corrupt activity, a person employed by, or associated with, any enterprise must conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt. OHIO REV. CODE § 2923.32 (Thomson Reuters 2011). Because the elements of those offenses do not correspond to a degree that the commission of one offense will result in the commission of the other, the trial court properly sentenced Petitioner for both manufacturing drugs and engaging in a pattern of corrupt activity. Conversely, the manufacture and possession of illegal drugs are allied offenses. Under OHIO REV. CODE § 2925.11, no person shall knowingly obtain, possess or use a controlled substance. "Possession" is defined as having control over a substance or thing. OHIO REV. CODE § 2925.01(K) (Thomson Reuters 2011). Commission of the offense of illegal manufacturing results in having control over the illegally manufactured substance. In the instant case, possessing the illegal substances was incidental to manufacturing the illegal substances and there was a separate animus for each offense. Accordingly, a separate sentence on manufacturing and possessing illicit drugs was appropriate.

The Magistrate acknowledges that the *Blockburger* test plays a prominent role in the double

14

jeopardy analysis; however, the elements of Petitioner's claims are not substantially the same.  Thus, the *Blockburger* test is insufficient to determine if trial counsel erred in failing to merge the allied offenses and impose a single sentence.  The Double Jeopardy Clause offers no basis for relief where the offenses–illegal manufacture of drugs, aggravated possession of drugs and engaging in a pattern of corrupt activity–may be allied but each had a separate animus.  Consequently, Petitioner is unable to demonstrate that his counsel's representation fell below an objective standard of reasonableness when he/she failed to assert a violation of the Double Jeopardy Clause.

## VI. CONCLUSION

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:   November 29, 2011

## VII.  NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party

may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.