UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
RANDY L. STAYER,                          :
                                          :        CASE NO. 3:09-CV-2131
                  Petitioner,             :
                                          :
v.                                        :        OPINION & ORDER
                                          :        [Resolving Doc. No. 1.]
JESSE WILLIAMS,                           :
                                          :
                  Respondent.             :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Randy L. Stayer seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By his petition, he seeks relief from the sentence imposed following his state-court conviction on five counts of drug-related offenses. [Doc. 1.] Because Magistrate Judge Vernelis K. Armstrong correctly determined that each of Petitioner Stayer's four grounds for relief have either defaulted or fail on the merits, and Stayer has not objected to the Magistrate Judge's Report and Recommendation, the Court **DENIES** the petition.

On August 12, 2004, Petitioner Stayer pled guilty to three counts of illegally manufacturing methamphetamine, one count of engaging in a pattern of corrupt activity, and one count of aggravated possession of drugs. [Doc. 12 at 2.] On September 6, 2006, after successive state-court appeals and two resentencings, Stayer was sentenced to a prison term of nine years and eleven months. [*Id.* at 2-4.] The Supreme Court of Ohio deemed Stayer's ensuing sufficiency and effective assistance challenges not to raise any substantial constitutional questions, and twice denied him leave

Case No. 3:09-CV-2131
Gwin, J.

to appeal.  [Doc. 9-4 at 26, 130.] Petitioner Stayer filed this petition for habeas relief on September 14, 2009.

On November 29, 2011, Magistrate Judge Armstrong filed a Report and Recommendation recommending that the Court deny Petitioner Stayer's § 2254 petition. [Doc. 12.]   The Petitioner has not filed any objection.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which a party has objected.  28 U.S.C. § 636(b)(1)(C).  A party must file any objections to a Report and Recommendation within ten days of service.  *Id.*  Failure to object within this time waives the party's right to appeal the magistrate judge's recommendation.  Fed. R. Civ. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005).

The time within which Petitioner Stayer could have objected to the Magistrate Judge's Report & Recommendation has passed.  Stayer has waived his right to appeal the Magistrate Judge's recommendation, and the Court may adopt the report without review.  *See Thomas*, 474 U.S. at 149.

In any event, having conducted its own review of the parties' briefs, the Court agrees with the Magistrate Judge's recommendation.  Petitioner Stayer has defaulted on his first three grounds for relief: (1) that the trial court imposed a harsher sentence at resentencing by including an additional fine; (2) that the trial court improperly imposed multiple prison terms for offenses that were not committed separately; and (3) that he was deprived of ineffective assistance of trial counsel because his trial counsel did not object to the imposition of statutory fines.  None of these three grounds for relief  were raised on direct review of his final sentence, and they are procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Though Stayer subsequently raised them

-2-

Case No. 3:09-CV-2131
Gwin, J.

through an Ohio Appellate Rule 26(B) motion to reopen proceedings based on ineffective assistance of counsel, Rule 26(B) applications cannot rehabilitate defaulted claims. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

The defaulted claims are not salvaged by Petitioner Stayer's fourth ground for relief, *see Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000), because his appellate representation was not deficient under *Strickland v. Washington*, 466 U.S. 668 (1984).  Stayer says that his appellate counsel should have contested the imposition of an additional fine on resentencing, and the imposition of multiple prison terms.  However, he has already challenged the omission of these arguments to no avail in his state Rule 26(B) motion.  The arguments Stayer wishes his counsel had made were rebuffed by the state Court of Appeals, [Doc. 9-4 at 104-6], and the Magistrate Judge independently and correctly determined that Stayer's counsel was not constitutionally deficient for failing to press them.

Accordingly, the Court **ADOPTS** Magistrate Judge Armstrong's findings of fact and conclusions of law and **DENIES** Petitioner Stayer's § 2254 petition.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the Petitioner could not take an appeal from this decision in good faith.  No basis exists on which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: May 24, 2012                              s/          *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED   STATES   DISTRICT   JUDGE